Pearson, C. J.
 

 Where an individual subscribes for stock or otherwise contracts a debt, it is no reply to an action, for him to say he is unable to raise the money! In regard to a municipal corporation, other considerations are presented, and the question may be a very different one, by reason of its known limited capacity. A corporation has no power to subscribe for stock, or to raise money to pay the subscription, except the power expressly given by its charter; consequently, the subscription is made, and is presumed to be accepted with direct reference to this state of things, and if the money, to pay the instalment, cannot be raised by the means authorised by the charter, owing to the restrictions imposed after a diligent and honest effort to do so, the corporation is in no legal default, because the failure originates in a want of capacity, which was known to both of the contracting parties, and subject to which the subscription was made by one and accepted by the other party. This qualified power to raise funds might have been a very proper ground for refusing to accept the subscription, but it can furnish no just ground of complaint, although,' from unexpected circumstances, it turns out that the power cannot be made available.
 

 The present case presents this question, does the charter restrict the power to issue bonds so that none can be issued except at par? This Court is of opinion that such is the proper construction. The amount of stock to be subscribed for, (500 shares,) is $50,000. The only means of raising money to meet the payment, is by issuing bonds, and this power is expressly restricted, “not exceeding $50,000.” As the amount of the bonds is not to exceed the amount to be raised, of course the bonds cannot be issued exeept at par, and indeed an expecta-
 
 *280
 
 ■ tion is fairly to be implied that, possibly, as the bonds were not to be subject to taxation by the State, and the interest was payable annually, to be secured by town taxes, and the stock in the navigation company, together with all dividends, after paying the interest, was to constitute a sinking fund, for the ultimate discharge of the principal, the bonds, thus secured, might command a premium, so as to make it unnecessary to issue the full amount; at all events, that amount was not to be exceeded, and there is nothing to support the construction that the bonds were to be issued if they would only realise, say fifty cents in the dollar, whereby one half of the stock would be unpaid for, and a debt of fifty thousands dollars incurred, and then the stock be forfeited and sold for the balance due of subscription, leaving the town, minus fifty thousand dollars, and the bond-holders deprived of the collateral security of the stock, and with nothing to look to but faxes on the town, to be imposed by the citizens themselves, or if their public virtue could not stand that test, then to be coerced by peremptory writs of mandamus, from time to time. The suggestion, that the plaintiff will receive the bonds of the defendant at par, i. e. in payment of the subscription is met in two ways. It is set out in the return which, as there is no traverse, must be taken as true, that the Neuse River Navigation Company had taken this subject into consideration, and refused to allow their president and directors to accept the bonds of the defendant at par. Rut the main objection to it is, that the plaintiff, like the defendant, is a corporation of
 
 limited powers,
 
 and is not authorised to accept in payment of subscription of stock any thing but money — dollar for dollar, and it is well that it should be so; for, in those charters where power is expressly given to receive work and materials in payment of subscriptions, we believe experience has shown, that the company is always subjected to much loss and inconvenience.
 

 As there is no traverse, the allegations of facts set out in the return, are taken to be true, and this Court is of opinion that the return was sufficient. The judgment of the Court below,
 
 *281
 
 directing a peremptory mandamus to issue, will be reversed, and judgment entered in favor of defendant.
 

 It may be proper to add, that the counsel of the defendants having waived objections to form, in order to put the case on its merits, we have not considered the variance between the prayer of the petition for the writ, and the writ.— One is “to pay the money,” the other to “issue the bonds.”
 

 Per Curiam,
 

 Judgment reversed.